UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

DWAYNE EDMUND WILSON,

          Plaintiff,

v.

UNKNOWN HOMER et al.,

          Defendants.
_____/

Case No. 2:22-cv-70

Honorable Jane M. Beckering

## **ORDER**

      This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. This matter is presently before the Court on Plaintiff's motion for reconsideration (ECF No. 19). Under Rule 54(b) of the Federal Rules of Civil Procedure, a non-final order is subject to reconsideration at any time before entry of a final judgment. *Id.*; *see also ACLU v. McCreary Cnty.*, 607 F.3d 439, 450 (6th Cir. 2010). Western District of Michigan Local Civil Rule 7.4(a) provides that "motions for reconsideration which merely present the same issues ruled upon by the court shall not be granted." Further, reconsideration is appropriate only when the movant "demonstrate[s] a palpable defect by which the court and the parties have been misled . . . [and] that a different disposition of the case must result from a correction thereof." *Id.* Upon review and for the reasons previously set forth, this Court finds no error in its decision dismissing the petition, and Petitioner's Motion for Reconsideration fails to meet the standard set forth by Rule 7.4(a).

      In Plaintiff's motion, he asserts that the Court erred in dismissing Defendants Taskila and Petterson. In the opinion of partial dismissal, the Court noted that because Plaintiff's claims against Defendants Taskila and Petterson were premised on nothing more than respondeat superior

liability, they were properly dismissed. Plaintiff contends that Defendants Taskila and Petterson were employed as warden and deputy warden respectively and that they were aware of what their subordinates were doing to Plaintiff because it had been going on for months. Plaintiff also states that he wrote to Defendants Taskila and Petterson about the abuse, talked to them, and wrote grievances which they saw. Despite all this, Defendants Taskila and Petterson took no action to stop the abusive actions of their subordinates. Plaintiff contends that a failure to intervene is tantamount to giving subordinates the "green light" to continue mistreating prisoners. (ECF No. 19, PageID.169.)

As noted by the Court in its August 11, 2022, opinion, Defendants Taskila and Petterson may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, as discussed above, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee*, 199 F.3d at 300. "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

Nothing in Plaintiff's motion suggests that Defendants Taskila and Petterson engaged in any active unconstitutional behavior. Instead, Plaintiff merely reiterates his assertions that

2

Defendants Taskila and Petterson failed to act despite Plaintiff's repeated complaints. For the reasons set forth previously by the Court, such assertions are insufficient to state a claim under § 1983.

With respect to Defendant Hamel, Plaintiff asserts that the Court erred in dismissing his due process and access to courts claims. However, as noted in the opinion partially dismissing Plaintiff's complaint, Plaintiff has no constitutionally protected due process right to an effective prison grievance procedure. *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983); *Walker v. Mich. Dep't of Corr.,* 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003); *Young v. Gundy,* 30 F. App'x 568, 569–70 (6th Cir. 2002); *Carpenter v. Wilkinson,* No. 99-3562, 2000 WL 190054, at *2 (6th Cir. Feb. 7, 2000); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (collecting cases). Nor does Michigan law create a liberty interest in the grievance procedure. *See Olim v. Wakinekona,* 461 U.S. 238, 249 (1983); *Keenan v. Marker*, 23 F. App'x 405, 407 (6th Cir. 2001); *Wynn v. Wolf*, No. 93-2411, 1994 WL 105907, at *1 (6th Cir. Mar. 28, 1994).[1]

Nor was Plaintiff's right to petition government violated by any failure on the part of Defendant Hamel to act on his grievances. As noted in the underlying opinion, if Plaintiff were improperly denied access to the grievance process, the process would be rendered unavailable, and exhaustion would not be a prerequisite for initiation of a civil rights action. *See Ross v. Blake*, 578 U.S. 632, 640–44 (2016) (reiterating that if the prisoner is barred from pursuing a remedy by policy

---

[1] In his motion, Plaintiff appears to imply that Defendant Hamel prevented him from accessing state post-deprivation remedies regarding the loss of his property. As noted in the underlying opinion, Michigan law authorizes actions in the Court of Claims asserting tort or contract claims "against the state and any of its departments or officers." Mich. Comp. Laws § 600.6419(1)(a) (eff. Nov. 12, 2013). Plaintiff fails to allege any facts in support of a finding that the exhaustion of grievances is required to file a case in the Court of Claims.

or by the interference of officials, the grievance process is not available, and exhaustion is not required); *Kennedy v. Tallio,* 20 F. App'x 469, 470–71 (6th Cir. 2001).

In his motion, Plaintiff makes a conclusory assertion that Defendants, including those who were dismissed by the Court, engaged in a conspiracy to violate his rights. A civil conspiracy under § 1983 is "an agreement between two or more persons to injure another by unlawful action." *See Hensley v. Gassman*, 693 F.3d 681, 695 (6th Cir. 2012) (quoting *Hooks v. Hooks*, 771 F.2d 935, 943–44 (6th Cir. 1985)). The plaintiff must show the existence of a single plan, that the alleged coconspirator shared in the general conspiratorial objective to deprive the plaintiff of a federal right, and that an overt action committed in furtherance of the conspiracy caused an injury to the plaintiff. *Hensley*, 693 F.3d at 695; *Bazzi v. City of Dearborn*, 658 F.3d 598, 602 (6th Cir. 2011). Moreover, a plaintiff must plead a conspiracy with particularity, as vague and conclusory allegations unsupported by material facts are insufficient. *Twombly*, 550 U.S. at 565 (recognizing that allegations of conspiracy must be supported by allegations of fact that support a "plausible suggestion of conspiracy," not merely a "possible" one); *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008); *Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003); *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987).

Plaintiff's allegations of conspiracy are conclusory and speculative. His allegations, even viewed in the light most favorable to Plaintiff, describe a number of discrete facts that occurred over a period of time involving numerous individual officers. Plaintiff has provided no allegations establishing a link between the alleged conspirators or any agreement between them. He relies entirely on a highly attenuated inference from the mere fact that he has been disciplined by or subjected to objectionable treatment by a variety of prison officials in various circumstances with which he disagreed. As the Supreme Court has held, such allegations, while hinting at a

4

"possibility" of conspiracy, do not contain "enough factual matter (taken as true) to suggest that an agreement was made." *Twombly*, 550 U.S. at 556. Instead, the Court has recognized that although parallel conduct may be consistent with an unlawful agreement, it is insufficient to state a claim where that conduct "was not only compatible with, but indeed was more likely explained by, lawful, unchoreographed . . . behavior." *Iqbal*, 556 U.S. at 680. In light of the far more likely possibility that the various incidents occurring over the long history of Plaintiff's incarceration were unrelated, Plaintiff fails to state a plausible claim of conspiracy.

Plaintiff asserts that the Court erred in dismissing his claim that his misconduct conviction violated his due process rights. Plaintiff states that the hearing officers always agree with the unit officers and that the Court should look at the underlying evidence, including video footage. However, as noted by the Court in the opinion, Plaintiff does not have a liberty interest in the outcome of a prison misconduct hearing. A prisoner does not have a protected liberty interest in prison disciplinary proceedings unless the sanction "will inevitably affect the duration of his sentence" or the resulting restraint imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *See Sandin v. Conner*, 515 U.S. 472, 484, 487 (1995). Plaintiff does not challenge the Court's finding that his misconduct convictions did not have any effect on the duration of his sentence. Nor does Plaintiff allege facts which would constitute an atypical and significant hardship. Generally, only periods of segregation lasting for several years or more have been found to be atypical and significant. *See, e.g.*, *Selby v. Caruso*, 734 F.3d 554, 559 (6th Cir. 2013) (13 years of segregation implicates a liberty interest); *Harris v. Caruso*, 465 F. App'x 481, 484 (6th Cir. 2012) (eight years of segregation implicates a liberty interest); *Harden-Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008) (remanding to the district court to consider whether the plaintiff's allegedly "indefinite" period of segregation, i.e., three years

5

without an explanation from prison officials, implicates a liberty interest). Therefore, Plaintiff is not entitled to reconsideration on this issue.

Plaintiff claims that the Court erred in dismissing his Eighth Amendment claims against Defendants Sullivan, Johnson, and Maki for calling him a "rat." In the underlying opinion, the Court noted that Plaintiff had failed to allege that the term "rat" was overheard by any other prisoners or that he had any reasonable fear of being victimized by other inmates as a result. Plaintiff now states that this term was used by these Defendants when they were talking over the intercom. However, Plaintiff does not allege any specific facts indicating that he is in danger of being attacked. In *Ford v. Kennerly*, No. 1:16-CV-243, 2016 WL 3049311 (W.D. Mich. May 31, 2016), the Court stated:

> Plaintiff has failed to allege any facts showing he was ever in a position to fear for his safety. Plaintiff does indicate that the Defendants called Plaintiff a "rat" or "snitch." (ECF No. 1, PageID.21; ECF No. 1-1, PageID.38, 48, 50-51; ECF No. 1-2, PageID.94, 112-113, 115, 133-134, 139.) In each instance, however, the statements clearly reveal that Defendants called Plaintiff those names because he "ratted" or "snitched" on the Defendants, not other prisoners. Moreover, Plaintiff does not allege that any other prisoner heard the statements. Indeed, Plaintiff does not allege that he had a reasonable fear of inmate violence. Therefore he has failed to state an Eighth Amendment claim with respect to Defendants' threats.

*Id.* at *20.

As in *Ford*, it appears as if Defendants were accusing Plaintiff of ratting or snitching on them. Plaintiff fails to allege any facts showing that other prisoners believed he was ratting on them or that he was threatened or attacked as a result of the use of the term "rat." Because Plaintiff has not alleged any facts showing that Defendants' conduct placed him in danger of being assaulted, he is not entitled to reconsideration of the dismissal of his Eighth Amendment claims against Defendants Sullivan, Johnson, and Maki. For the same reasons that Plaintiff is not entitled to reconsideration of these claims, the Court concludes that Plaintiff has failed to show that

6

Defendants Johnson, Sullivan, and Maki calling him a rat was sufficiently adverse to deter a person of ordinary firmness from engaging in protected conduct.

Plaintiff claims that the Court should not have dismissed his retaliation claim against Defendant Homer because there was no other reason for Defendant Homer to have attempted to shut the door on Plaintiff except that he had filed grievances on him and other officers. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish three elements: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

As noted in the underlying opinion, Plaintiff's conduct in filing a grievance constituted protected conduct for purposes of a retaliation claim and purposely injuring a prisoner, as Plaintiff alleges Defendant Homer did in this case, is sufficiently adverse to deter a person of ordinary firmness from engaging in protected conduct.

However, the Court noted regarding causation that although temporal proximity "may be 'significant enough to constitute indirect evidence of a causal connection so as to create an inference of retaliatory motive,'" *Muhammad v. Close*, 379 F.3d 413, 417–18 (6th Cir. 2004) (quoting *DiCarlo v. Potter*, 358 F.3d 408, 422 (6th Cir. 2004)), "[c]onclusory allegations of

temporal proximity are not sufficient to show a retaliatory motive." *Skinner v. Bolden*, 89 F. App'x 579, 580 (6th Cir. 2004). Moreover,

> . . . *Muhammad* does not stand for the proposition that temporal proximity alone is sufficient to create an issue of fact as to retaliatory motive. In *Muhammad* the Sixth Circuit did not resolve the issue, but merely observed that "temporal proximity alone **may be** 'significant enough to constitute indirect evidence of a causal connection so as to create an inference of retaliatory motive.'" *Id.* at 418 (quoting *DiCarlo v. Potter*, 358 F.3d 408, 422 (6th Cir. 2004) (emphasis added). Even if temporal proximity may in some cases create an issue of fact as to retaliatory motive, it would only be sufficient if the evidence was "significant enough." Plaintiff's conclusory and ambiguous evidence is not "significant enough" to create an issue of fact as to retaliatory motive.

*Brandon v. Bergh*, No. 2:08-cv-152, 2010 WL 188731, at *1 (W.D. Mich. Jan. 16, 2010).

Plaintiff alleges that he filed a grievance on Defendant Homer prior to Defendant Homer's conduct on March 1, 2020, and that prior to that he had filed grievances on Defendant Homer's coworkers. However, Plaintiff fails to allege that Defendant Homer was aware of the grievance. Nor does Plaintiff allege any other facts showing that Defendant Homer was motivated by a desire to retaliate against him. Plaintiff concedes that Defendant Homer attempted to shut Plaintiff's cell door on him on multiple occasions prior to Plaintiff's action in filing a grievance on Defendant Homer, merely asserting that he had filed grievances on other officials. Such allegations are too attenuated to show that Defendant Homer was motivated by a desire to retaliate against Plaintiff. Consequently, Plaintiff is not entitled to reconsideration of the dismissal of his retaliation claim against Defendant Homer.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for reconsideration (ECF No. 19) is **DENIED**.

Dated: December 21, 2023            /s/ Jane M. Beckering
                                    Jane M. Beckering
                                    United States District Judge