UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DWAYNE EDMUND WILSON,

    Plaintiff,

v.

STEVE HOLMA, et al.,

    Defendants.
_____/

Case No. 2:22-cv-70

HON. JANE M. BECKERING

**OPINION AND ORDER**

This is a prisoner civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed a Complaint in April 2022 against ten Defendants, arising out of a series of events that occurred at the Baraga Correctional Facility (AMF) in Baraga, Michigan during the time Plaintiff was incarcerated there (ECF No. 1). Some Defendants and claims were dismissed following this Court's screening decision (ECF Nos. 5 & 6). Two additional Defendants were dismissed on the basis of exhaustion (ECF No. 37). The remaining Defendant, against whom Plaintiff brings claims for violations of his Eighth Amendment rights, moved for summary judgment. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R). The Magistrate Judge recommends that this Court grant Defendant's motion and close the case (R&R, ECF No. 57). The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3), the Court has performed de novo consideration of those portions of the Report and

Recommendation to which objections have been made.  The Court denies the objections and issues this Opinion and Order.

Plaintiff alleges, in his remaining claims, that Corrections Officer Holma ("Defendant") injured Plaintiff's wrist and arm via Defendant's remote operation of Plaintiff's cell door and then denied Plaintiff medical care (Compl., ECF No. 1 at PageID.5).  As the Magistrate Judge set forth:

> To establish an Eighth Amendment claim, Plaintiff must satisfy both an objective and subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294, 297-300 (1991). "The subjective component focuses on the state of mind of the prison officials." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011). "The objective component requires the pain inflicted to be 'sufficiently serious.'" *Williams*, 631 F.3d at 383 (quoting *Wilson*, 501 U.S. at 298).

(R&R, ECF No. 57 at PageID.508).  In light of the evidentiary record in this case, the Magistrate Judge concluded that Defendant is entitled to judgment as a matter of law.  Plaintiff makes two objections.

***First objection.***  As to Plaintiff's excessive force claim, the Magistrate Judge reasoned that Plaintiff "has not presented any evidence" to satisfy the subjective prong and that "video of the [cell door] incident contradicts [Plaintiff's] version of what happened and shows … that [Plaintiff] was not injured" (R&R, ECF No. 57 at PageID.509).  Plaintiff objects that "the video doesn't contradict me" and contends that the video shows that Plaintiff was injured by the "jerking" of the cell door (ECF No. 58 at PageID.523).  The Court independently viewed the video of the cell door incident and agrees with the Magistrate Judge that the video shows Plaintiff "was able to easily slide the door and walk out of his cell with minimal effort" (R&R, ECF No. 57 at PageID.509).  Furthermore, even assuming that the video was *not* inconsistent with Plaintiff's representations, Defendant's motion would still be properly granted because Plaintiff has not presented any evidence that Defendant acted "maliciously or sadistically to cause harm" or otherwise "with deliberate indifference to [Plaintiff's] health and safety," as an Eighth Amendment excessive force

2

claim requires (R&R, ECF No. 57 at PageID.508 (quoting *Hudson v. McMillian*, 503 U.S. 1, 5–6 (1992))). For these reasons, Plaintiff's first objection is properly denied.

***Second objection.*** With regard to Plaintiff's deprivation of medical care claim, the Magistrate Judge comprehensively set forth the legal standard for Eighth Amendment claims arising out of deprivation of medical care (R&R, ECF No. 57 at PageID.515–16). The Magistrate Judge then noted that "there exists no evidence that [Defendant] was aware that [Plaintiff] had an injury that required immediate medical attention" (*id.* at PageID.516). Moreover, the Magistrate Judge noted that Plaintiff "did receive healthcare after he made a formal written request" and "has failed to establish that the alleged delay in being examined by a nurse caused him harm" (*id.* at PageID.518). Plaintiff objects that he did "ask for medical [care]" and "was refused" and that the Magistrate Judge erred by concluding otherwise (ECF No. 58 at PageID.523). According to Plaintiff, "if the Court had all the video it would see how I kept asking for help" (*id.* at PageID.525).

Plaintiff's objection lacks merit. In response to Defendant's motion, it was Plaintiff's burden to "set forth" by affidavit or other evidence "specific facts" necessary to support his claim—"mere allegations" are not sufficient. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). Plaintiff points to no record evidence showing he asked for and was denied healthcare. Even assuming that he had done so, Plaintiff has not shown that any alleged delay in receiving healthcare caused him harm. *See Napier v. Madison Cnty.*, 238 F.3d 739, 742 (6th Cir. 2001) (describing Plaintiff's burden to "place verifying medical evidence in the record to establish the detrimental effect" of a delay in receipt of medical care). Accordingly, Plaintiff fails to demonstrate any factual or legal error in the Magistrate Judge's reasoning or ultimate conclusion. And finally, the Magistrate Judge explained in a September 20, 2024 Order why Plaintiff's contention that

Defendant has withheld video evidence is without merit (ECF No. 52 at PageID.453–54).  Plaintiff did not appeal this ruling.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court.  A Judgment will be entered consistent with this Opinion and Order.  *See* FED. R. CIV. P. 58.  Because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith.  *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007).

Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 58) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 57) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment (ECF No. 43) is GRANTED.

**IT IS FURTHER ORDERED** that this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this decision would not be taken in good faith.

Dated: February 7, 2025                                  /s/ Jane M. Beckering
                                                                                     JANE M. BECKERING
                                                                                     United States District Judge